OPINION
Defendant Patricia Saunders appeals the judgment of the Court of Common Pleas of Marion County. On March 17, 2000, the trial court sentenced the defendant to two consecutive terms of 18 months incarceration, following her plea of guilty to two fourth degree felony charges of theft. Defendant now asserts a single assignment of error with the trial court's judgment:
 The trial court committed prejudicial error by sentencing appellant to consecutive maximum terms.
On numerous occasions, this Court has held that in order to sentence a defendant to a maximum term of imprisonment, a sentencing court must comply with R.C. 2929.14(C) at the sentencing hearing. See, e.g., State v. Martin (June 23, 1999), Crawford App. No. 3-98-31, unreported, 1999 WL 455320 at *5. See also R.C. 2929.19(B)(2)(d). In State v. Edmonson
(1999), 86 Ohio St.3d 324, the Ohio Supreme Court adopted our position on this issue and observed that "R.C. 2929.14(C) and 2929.19(B)(2)(d) prevent a court from imposing a maximum sentence for a single offense unless the court records findings that give its reasons for selecting the maximum." Id. at 325. Similarly, this court has repeatedly held that in order to impose consecutive terms of imprisonment, sentencing courts must comply with R.C. 2929.14(E)(4) at the sentencing hearing. See, e.g., State v. Martin at *2. See also R.C.2929.19(B)(2)(c).
In our prior cases, we have explained "when determining the seriousness of the offender's conduct and the likelihood of recidivism trial courts are required to utilize the factors laid out in R.C. 2929.12. Thus, imposition of a maximum prison term or consecutive terms is largely a product of the factual determinations required by that section." E.g., id. at *2. In this case, our review of the sentencing hearing transcript reveals that the trial court failed to make a "finding that gives its reasons" under R.C. 2929.12 for imposition of maximum sentences. Compare Transcript of Proceedings at * *20-21, with Edmonson at 329. See also R.C. 2929.19 (B)(2)(d). The court also failed to utilize R.C. 2929.12 in making its determination to impose consecutive sentences. Compare Transcript of Proceedings at *20-21, with Martin at *2. See also R.C. 2929.19(B)(2)(c). Moreover, the State has conceded both failures by the trial court in its brief. See Brief of Plaintiff-Appellee, at * * 3-4.
In Martin, we concluded that "the structure of Ohio felony sentencing law indicates that it is the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12, 2929.13 and 2929.14 which, in effect, determine a particular sentence. Accordingly, a sentence unsupported by those findings is both incomplete and invalid." Martin at *5 (emphasis added). Based on the foregoing, we conclude that the sentence imposed in this case falls within the rule of Martin, and that defendant's sole assigned error has merit. We therefore reverse the judgment of the Common Pleas Court of Marion County, and remand this case for further proceedings consistent with this opinion.
 _________________________ SHAW, J.
BRYANT and WALTERS, JJ., concur.